**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GEORGE PAUL HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1018 HEA |
| ) | |
| WARREN COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff George Paul Huff for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at Warren County Jail, filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff names the Warren County Jail as the sole defendant in this action.

In the section of the form complaint designated to provide his statement of claim, plaintiff writes:

> I, George Paul Huff, entered Warren County Jail on May 5, 2022. For two months I tied to get put on my medication and they have refused my medication when they got my mental records from MUC in Columbia, they denied my medication. I've written grievances and get the same.

Plaintiff states that if he can't be treated at the Warren County Jail then he should be released. He asserts that he was told that "they" could not give him the "meds that were issued." Plaintiff does not name the type of medication he was previously taking or indicate why (for what disorder/disease) he was taking the medication. He also does not indicate who told him he could not have the medication.

3

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff explicitly indicates he is suing the Warren County Jail in its official capacity. Suits against a public entity or department are subject to dismissal because jails, local government detention centers, and sheriff's departments are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.,* 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).

According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole,* 306 F. App'x 333, 333 (8th Cir. 2009). As such, plaintiff's complaint fails to state a valid § 1983 claim against the Warren County Jail and will be dismissed.

Even if the Court were to assume that plaintiff was bringing his lawsuit against Warrant County, plaintiff's complaint would still fail to state a claim for relief. Unlike the Jail, a local governing body such as Warren County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom,

or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that Warren County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by other Warren County employees. In fact, Warren County is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Plaintiff has failed to allege that he is bringing his lawsuit against any individual defendant in his or her individual capacity. In other words, plaintiff has failed to articulate how one particulate defendant is personally responsible for purportedly denying him medical care in violation of his Fourteenth Amendment rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). A "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Nonetheless, the Court will review plaintiff's claim as if he had alleged an individual capacity claim.

Plaintiff asserts that he has not been provided his mental health medication, but he has failed to indicate what the mental health medication is and what he was prescribed the treatment for. Plaintiff has also failed to indicate a particular defendant at the Warren County Jail that told him that he could not have the medication.

The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

6

A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted). In this case, plaintiff has failed to allege that he suffers from a serious medical need – one diagnosed by a physician – such that he needed a mental health prescription.

Furthermore, plaintiff has also failed to allege that defendant violated his constitutional rights by failing to respond, or taking too long to respond, to his grievances. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Also, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

7

For the foregoing reasons, plaintiff's complaint is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

Dated this 27th day of September, 2022.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE